IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH NATIONAL
PENSION FUND, ET. AL.,

        Plaintiffs,

vs.                                 Case No. 10-2409-JTM

LINTEC CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

Before the court is defendant Lintec Corporation's Motion to Dismiss (or, in the Alternative, for a More Definite Statement) (Dkt. No. 10). The plaintiffs have not responded. For the following reasons, the court denies the motion.

On July 10, 2010, plaintiffs filed this action against Lintec Corporation (Lintec) under Sections 502 and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, seeking to recover alleged unpaid fringe benefit contributions owed under a collective bargaining agreement. Defendant filed this motion under 12(b)(6) arguing plaintiffs failed to meet the pleading requirement of Fed. R. Civ. P. 8(a)(2), as expounded in *Ashcroft v. Iqbal*. *See* 129 S. Ct. 1937 (2009). In the alternative, defendant asks the court to order plaintiffs to file a more definite statement of their claim.

## I. Legal Standard: 12(b)(6)

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1949-50. However, a complaint that only states conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1951). First, the court must identify conclusory allegations not entitled to the assumption of truth.

*Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

**II. Analysis**

As a necessary precursor to determining whether a complaint is sufficient under 12(b)(6), the court must analyze the elements of the cause of action at issue. *Iqbal*, 129 S. Ct. at 1947. Plaintiff sued under 29 U.S.C. §§ 1132 and 1145 of ERISA.[1] Section 1145 provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145 (2006). For the purposes of this motion, plaintiffs must allege facts that plausibly establish defendant is obligated to make contributions to a multiemployer plan and that defendant failed to make contributions in accordance with a collectively bargained agreement.

Turning to the allegations in the Complaint, it is clear plaintiffs have alleged sufficient facts to state a claim to relief that is plausible on its face. *See Corder*, 566 F.3d at 1223-24. Plaintiffs allege the following facts, among others, in support of their claim against defendant:

> 16. Lintec is obligated under the collective bargaining agreement to timely submit reports and fringe benefit contributions to the Funds. Lintec is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Lintec's employees at the rates established for each of the Funds in the collective bargaining agreement.
>
> 18. Lintec failed to report in a timely manner the hours of covered work performed by its employees during the months of: June, July and October 2004; March, April,

---

[1] Section 1132(d) provides in part that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity." 29 U.S.C. § 1132(d)(1) (2006).

> November and December 2005; October 2006; October, November and December 2009; and February, March, and May 2010; and failed to pay such contribution, in a timely manner, that were due and owing thereon to the Funds. As a result, Lintec is in breach of the collective bargaining agreement.

(Dkt. No. 1). Although these allegations lack a great amount of specificity, they are sufficient to put the defendant on notice of the claims against it. Plaintiff has alleged that defendant was obligated to make contributions and that it failed to do so. Beyond that, plaintiff has provided the specific months in which it alleges the lack of contribution occurred; further providing detail for its claims. Defendant balks at the Complaint primarily because plaintiff did not cite specific provisions of the contract or collective bargaining agreement. However, unlike defendants suggest, the plaintiffs are not required to provide the specific language of the collective bargaining agreement or provide conclusive proof that such an agreement exists. *See Iqbal*, 129 S. Ct. at 1949 (stating the complaint only needs enough facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Plaintiffs need only plead facts sufficient to give the defendant fair notice of what the claim is and the grounds supporting it. *Swierkiewicz*, 534 U.S. at 512. Because plaintiff has provided sufficient facts, the defendant's Motion to Dismiss is denied.

Defendant also requests, in the alternative, that this court order plaintiff to file a more definite statement of the claims against it. Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Generally, courts disfavor Rule 12(e) motions due to the minimal pleading requirements under the Federal Rules and are properly granted only when a party is unable to determine the issues to which it needs to respond. *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009). "A

motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Id.* In most situations the parties should obtain additional information about the claims through the discovery process. *Id.* This rule is designed to remedy unintelligible complaints rather than those that lack great detail. *Id.*

As stated above, plaintiffs' Complaint contains enough factual detail to plausibly suggest the defendant is liable to plaintiffs. For the same reasons, a more definite statement is not necessary. There are sufficient facts in the Complaint to allow defendant to craft an answer either admitting or denying the allegations against it. Further, defendant does not even argue that plaintiffs' Complaint is vague or ambiguous. Defendant seeks only more detail, which it can garner during the discovery process. Therefore, the court denies defendant's Alternative Motion for a More Definite Statement.

IT IS ACCORDINGLY ORDERED this 4th day of April 2011, that defendant's Motion to Dismiss (or, in the Alterative, for a More Definite Statement) (Dkt. No. 10) is denied.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE